**RECEIVED**

**United States District Court**
Southern District of New York
Office of the Clerk
U.S. Courthouse
500 Pearl Street, New York, N.Y. 10007-1213

AUG 2 0 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Date: 8-17-07

Our case # : International Securities Exchange, LLC v. Chicago Board Options Exchange, Inc.

Case Name: 06cv13445(RMB)

Dear Sir/Madam,

    Enclosed is a certified copy of the civil docket sheet for the above referenced case that is being transferred to the United States District Court- District of Illinois. The case file can be accessed through our CM/ECF System for the Southern District of New York. Please contact Ms. Antonia Espinell at (212) 805-0618 and she will furnish you with a CM/ECF Login and Password.

    The enclosed copy of this letter is for your convenience in acknowledging receipt of these documents.

**Court policy for USDC-SDNY states that all ECF actions require only original, manual paper filings for the initiating documents. You may access our CM/ECF website for any additional documents that your court may require for processing.**

Yours truly,

J. Michael McMahon
Clerk of Court

Deputy Clerk,
    C. Daniec
    RDZ

Fed Ex Air bill# 8582 4870 0202

---

**RECEIPT IS ACKNOWLEDGED OF THE DOCUMENTS DESCRIBED HEREIN AND ASSIGNED CASE NUMBER:**

CASE #_____

CASE TRANSFERRED OUT FORM

**07CV4709
JUDGE NORGLE
MAG. JUDGE BROWN**

CASREF, ECF

## U.S. District Court
### United States District Court for the Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:06-cv-13445-RMB-THK
### Internal Use Only

| | |
|---|---|
| International Securities Exchange, LLC v. Chicago Board Options Exchange, Inc. | Date Filed: 11/22/2006 |
| Assigned to: Judge Richard M. Berman | Jury Demand: Plaintiff |
| Referred to: Magistrate Judge Theodore H. Katz | Nature of Suit: 830 Patent |
| Cause: 35:271 Patent Infringement | Jurisdiction: Federal Question |

**Plaintiff**

**International Securities Exchange, LLC**     represented by    **Chris L. Holm**
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5734
Fax: (212) 530-5219
Email: cholm@milbank.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**07CV4709
JUDGE NORGLE
MAG. JUDGE BROWN**

**Christopher James Gaspar**
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5019
Fax: (212) 822-5019
Email: cgaspar@milbank.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**FILED**
AUG 2 0 2007   rq
8-20-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**James Robert Klaiber**
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5363
Fax: (212) 530-5219
Email: jklaiber@milbank.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

A CERTIFIED COPY
J. MICHAEL McMAHON, CLERK

BY _____
       DEPUTY CLERK

**Michael Martin Murray**

Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5424
Fax: (212) 822-5424
Email: mmurray@milbank.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Parker Henry Bagley**
Milbank, Tweed, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005
(212) 530-5343
Fax: (212) 822-5343
Email: pbagley@milbank.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Chicago Board Options Exchange, Inc.**　　represented by　**Jonathan Abbott Marshall**
Weil, Gotshal & Manges LLP (NYC)
767 Fifth Avenue
New York, NY 10023
2123108000
Fax: 2128333148
Email: Marshall@fr.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Autumn Ji Sun Hwang**
Fish & Richardson P.C. (NYC)
153 E. 53rd Street
New York, NY 10022
212-641-2260
Fax: 212-258-2291
Email: hwang@fr.com
*ATTORNEY TO BE NOTICED*

**David R. Francescani**
Fish & Richardson P.C.
153 East 53rd Street
New York, NY 10022-4611
(212) 765-5070
Fax: (212) 258-2291
Email: francescani@fr.com

ATTORNEY TO BE NOTICED

**Irene E. Hudson**
Fish & Richardson P.C. (NYC)
153 E. 53rd Street
New York, NY 10022
(212) 765-5070
Fax: (212) 258-2291
Email: hudson@fr.com
ATTORNEY TO BE NOTICED

| Date Filed | # | Docket Text |
|---|---|---|
| 11/22/2006 | 1 | COMPLAINT against Chicago Board Options Exchange, Inc. (Filing Fee $ 350.00, Receipt Number 597808)Document filed by International Securities Exchange, LLC. (Attachments: # 1 Exhibit)(mbe, ) (Entered: 11/29/2006) |
| 11/22/2006 |  | SUMMONS ISSUED as to Chicago Board Options Exchange, Inc. (mbe, ) (Entered: 11/29/2006) |
| 11/22/2006 |  | Magistrate Judge Theodore H. Katz is so designated. (mbe, ) (Entered: 11/29/2006) |
| 11/22/2006 |  | Case Designated ECF. (mbe, ) (Entered: 11/29/2006) |
| 11/22/2006 | 2 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying International Securities Exchange Holdings, Inc. as Corporate Parent. Document filed by International Securities Exchange, LLC.(mbe, ) (Entered: 11/29/2006) |
| 12/20/2006 | 3 | STIPULATION AND ORDER: It is hereby stipulated and agreedby and between the parties hereto through their respective counsel, to the approval of the Court, that defendant, Chicago Board Options Exchange, Inc. shall have to and including February 5, 2007, to respond to the complaint in this action. (Signed by Judge Richard M. Berman on 12/20/06) (js, ) (Entered: 12/21/2006) |
| 12/20/2006 |  | Set Answer Due Date purs. to 3 Stipulation and Order, as to Chicago Board Options Exchange, Inc. answer due on 2/5/2007. (js, ) (Entered: 12/21/2006) |
| 01/31/2007 | 4 | ORDER REFERRING CASE TO MAGISTRATE JUDGE. Order that case be referred to the Clerk of Court for assignment to a Magistrate Judge for general pretrial (includes scheduling, discovery, non dispositive pretrial motions, and settlement). Referred to Magistrate Judge Kevin N. Fox. (Signed by Judge Richard M. Berman on 1/31/07) (dle) Modified on 2/2/2007 (Lewis, Diahan). (Entered: 02/01/2007) |
| 01/31/2007 | 5 | CASE MANAGEMENT PLAN:Amended Pleadings due by 3/15/2007.,Joinder of Parties due by 3/15/2007.,Motions due by 2/5/2007.,Responses due by 2/20/2007,Replies due by 2/27/2007., Status |

| | | |
|---|---|---|
| | | Conference set for 4/16/2007 09:15 AM before Judge Richard M. Berman. Work on settlement. No stay while motions are pending; discovery issues referred to Magistrate Katz. (Signed by Judge Richard M. Berman on 1/31/07) (dle) (Entered: 02/01/2007) |
| 02/05/2007 | 6 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Chicago Board Options Exchange, Inc.. (Francescani, David) (Entered: 02/05/2007) |
| 02/05/2007 | 7 | ANSWER to Complaint. Document filed by Chicago Board Options Exchange, Inc..(Francescani, David) (Entered: 02/05/2007) |
| 02/05/2007 | 8 | MOTION to Transfer Case *to Northern District of Illinois*. Document filed by Chicago Board Options Exchange, Inc..Motions referred to Theodore H. Katz.(Francescani, David) (Entered: 02/05/2007) |
| 02/05/2007 | 9 | DECLARATION of Anthony J. Carone in Support re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by Chicago Board Options Exchange, Inc.. (Francescani, David) (Entered: 02/05/2007) |
| 02/05/2007 | 10 | DECLARATION of Mark Esposito in Support re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by Chicago Board Options Exchange, Inc.. (Francescani, David) (Entered: 02/05/2007) |
| 02/05/2007 | 11 | DECLARATION of David Francescani in Support re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by Chicago Board Options Exchange, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C - Part 1# 4 Exhibit C Part 2# 5 Exhibit D) (Francescani, David) (Entered: 02/05/2007) |
| 02/05/2007 | 12 | DECLARATION of Stuart Kipnes in Support re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by Chicago Board Options Exchange, Inc.. (Francescani, David) (Entered: 02/05/2007) |
| 02/05/2007 | 13 | DECLARATION of Anthony Montesano in Support re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by Chicago Board Options Exchange, Inc.. (Francescani, David) (Entered: 02/05/2007) |
| 02/05/2007 | 14 | DECLARATION of Larry Pfaffenbach in Support re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by Chicago Board Options Exchange, Inc.. (Francescani, David) (Entered: 02/05/2007) |
| 02/05/2007 | 15 | DECLARATION of Eileen C. Smith in Support re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by Chicago Board Options Exchange, Inc.. (Francescani, David) (Entered: 02/05/2007) |
| 02/05/2007 | 16 | DECLARATION of Edward T. Tilly in Support re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by Chicago Board Options Exchange, Inc.. (Francescani, David) (Entered: |

|            |      | 02/05/2007) |
|------------|------|-------------|
| 02/05/2007 | 🔵17 | MEMORANDUM OF LAW in Support re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by Chicago Board Options Exchange, Inc.. (Francescani, David) (Entered: 02/05/2007) |
| 02/08/2007 | 🔵18 | NOTICE OF APPEARANCE by Irene E. Hudson on behalf of Chicago Board Options Exchange, Inc. (Hudson, Irene) (Entered: 02/08/2007) |
| 02/14/2007 | 🔵19 | RULE 26 DISCLOSURE.Document filed by Chicago Board Options Exchange, Inc..(Francescani, David) (Entered: 02/14/2007) |
| 02/20/2007 | 🔵20 | MEMORANDUM OF LAW in Opposition re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by International Securities Exchange, LLC. (Bagley, Parker) (Entered: 02/20/2007) |
| 02/20/2007 | 🔵21 | DECLARATION of Gary Katz in Opposition re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by International Securities Exchange, LLC. (Bagley, Parker) (Entered: 02/20/2007) |
| 02/20/2007 | 🔵22 | DECLARATION of Christopher J. Gasper in Opposition re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by International Securities Exchange, LLC. (Bagley, Parker) (Entered: 02/20/2007) |
| 02/27/2007 | 🔵23 | REPLY to Response to Motion re: 8 MOTION to Transfer Case *to Northern District of Illinois. CBOE, Inc.'s Reply In Support of Its Motion to Transfer Venue to the Northern District of Illinois.* Document filed by Chicago Board Options Exchange, Inc.. (Francescani, David) (Entered: 02/27/2007) |
| 02/27/2007 | 🔵24 | DECLARATION of David Francescani in Support re: 8 MOTION to Transfer Case *to Northern District of Illinois..* Document filed by Chicago Board Options Exchange, Inc.. (Attachments: # 1 Exhibit E# 2 Exhibit F# 3 Exhibit G# 4 Exhibit H)(Francescani, David) (Entered: 02/27/2007) |
| 03/02/2007 | 🔵25 | ENDORSED LETTER addressed to Judge Richard M. Berman from Jonathan A. Marshall dated 3/1/07 re: Application GRANTED. The settlement conference is adjourned to 4/18/07 at 3:00 p.m., but principals should engage in good faith settlement talks BEFORE the conference. (Signed by Judge Richard M. Berman on 3/2/07) (db) (Entered: 03/05/2007) |
| 03/02/2007 | 🔵 | Set/Reset Hearings: Settlement Conference set for 4/18/2007 03:00 PM before Judge Richard M. Berman. (db) (Entered: 03/05/2007) |
| 03/13/2007 | 🔵26 | NOTICE OF APPEARANCE by Autumn Ji Sun Hwang on behalf of Chicago Board Options Exchange, Inc. (Hwang, Autumn) (Entered: 03/13/2007) |
| 03/13/2007 | 🔵27 | NOTICE OF APPEARANCE by Jonathan Abbott Marshall on behalf of Chicago Board Options Exchange, Inc. (Marshall, Jonathan) (Entered: 03/13/2007) |

| | | |
|---|---|---|
| 04/24/2007 | ● | Minute Entry for proceedings held before Judge Richard M. Berman : Settlement Conference held on 4/24/2007. (jar) (Entered: 04/25/2007) |
| 05/24/2007 | ●28 | MEMORANDUM OPINION and ORDER re: Granting 8 MOTION to Transfer Case to Northern District of Illinois. However, to preserve the jurisdiction of the District Judge to conduct review of this ruling purs to 28 U.S.C. section 636(b)(1) and Rule 72(a) of the FRCP, should plaintiff file objections, transfer of the matter is stayed until the time for filing objections has passed or the disposition by the District Judge of any timely-filed objections to this Opinion and Order. (Signed by Judge Theodore H. Katz on 5/24/07) (djc) (Entered: 05/25/2007) |
| 06/11/2007 | ●29 | MOTION for Reconsideration re; 28 Memorandum & Opinion,,. Document filed by International Securities Exchange, LLC.(Bagley, Parker) (Entered: 06/11/2007) |
| 06/11/2007 | ●30 | Objection re: 28 Memorandum & Opinion,, *and Request for Reconsideration of Same*. Document filed by International Securities Exchange, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5)(Bagley, Parker) (Entered: 06/11/2007) |
| 06/11/2007 | ●31 | ENDORSED LETTER addressed to Judge Katz from Jonathan Marshall dated 6/8/07 re CBOE request that ISE's request for leave should be denied without prejudice to renew should this action not be transferred to the Northern District of Illinois: the Court will defer deciding any pending discovery disputes on issues until the motion to transfer venue is fully resolved. Should venue be transfered, these matters should be raised in the Northern District of Illinois. (Signed by Judge Theodore H. Katz on 6/11/07) (cd). (Entered: 06/12/2007) |
| 06/25/2007 | ●32 | MEMORANDUM OF LAW in Opposition re: 29 MOTION for Reconsideration re; 28 Memorandum & Opinion,,.. Document filed by Chicago Board Options Exchange, Inc.. (Attachments: # 1)(Marshall, Jonathan) (Entered: 06/25/2007) |
| 06/25/2007 | ●33 | DECLARATION of Jonathan A. Marshall in Opposition re: 29 MOTION for Reconsideration re; 28 Memorandum & Opinion,,.. Document filed by Chicago Board Options Exchange, Inc.. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F# 7 Exhibit G# 8 Exhibit H# 9 Exhibit I)(Marshall, Jonathan) (Entered: 06/25/2007) |
| 07/24/2007 | ●34 | ENDORSED LETTER addressed to Judge Richard M. Berman from Parker H. Bagley and Jonathan Marshall dated 7/23/07 re: counsel for parties jointly request relief from the discovery completion deadline. ENDORSEMENT: Application respectfully denied (See order dated 1/31/07) without prejudice to parties renewing their application before any transfer judge or Judge Katz. Work on settlement. (Signed by Judge Richard M. Berman on 7/24/07) (dle) Modified on 7/25/2007 (Lewis, Diahan). (Entered: 07/25/2007) |
| 08/09/2007 | ●35 | ORDER the Court affirms Judge Katz's Order in all material respects. The Clerk of the Court is respectfully requested to transfer this case to the |

|  |  | Northern District of Illinois. (Signed by Judge Richard M. Berman on 8/9/07) (jco) (Entered: 08/10/2007) |
| --- | --- | --- |
| 08/13/2007 | 36 | PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material.... (Signed by Judge Theodore H. Katz on 5/22/07) (cd) (Entered: 08/14/2007) |

JUDGE NORGLE
MAG. JUDGE BROWN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
INTERNATIONAL SECURITIES
EXCHANGE, LLC,

          Plaintiff,

-against-

CHICAGO BOARD OPTIONS
EXCHANGE, INC.,

          Defendant.
----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/9/07

06 Civ. 13445 (RMB)(THK)

**DECISION AND ORDER**

FILED
AUG 2 0 2007
8-20-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

I.    **Background**

On or about November 22, 2006, International Securities Exchange, Inc. ("Plaintiff" or "ISE") filed this action ("New York Action") against Chicago Board Options Exchange ("Defendant" or "CBOE") alleging that CBOE willfully infringed ISE's patent for an automated exchange and a process for trading a financial instrument. (N.Y. Compl. ¶¶ 7, 10–11.) On or about January 31, 2007, CBOE filed a separate action against ISE in the United States District Court for the Northern District of Illinois ("Illinois Action") seeking a declaratory judgment that the patent which is the subject of the New York Action, as well as two other ISE patents, are invalid and therefore CBOE is not liable for patent infringement. (Ill. Compl. ¶ 22.) On or about February 5, 2007, CBOE moved, pursuant to 28 U.S.C. § 1404(a), to transfer venue of the New York Action to the Northern District of Illinois and, on May 24, 2007, United States Magistrate Judge Theodore H. Katz, to whom the matter had been referred, issued a thorough Memorandum Opinion and Order ("Order") granting CBOE's motion. (Order at 16.)

On or about June 11, 2007, ISE filed objections to the Order, arguing, among other things, that the Order is (1) "clearly erroneous and contrary to the presumption in favor of the

A CERTIFIED COPY
J. MICHAEL McMAHON,    CLERK

BY _____
        DEPUTY CLERK

first-filed case"; (2) "contrary to the [United States] Supreme Court's mandate that two cases between the same parties on common subject matter not be litigated in two districts"; and (3) "clearly erroneous and contrary to binding precedent, which requires the balance of factors to strongly favor transfer." (Pl.'s Objections and Request for Reconsideration ("Objections") at 7, 10, 14–15.)

On or about June 25, 2007, Defendant filed a response to the Objections, arguing, among other things, that (1) "[t]he 'first-filed' rule does not apply here because the issues in the [Illinois Action] and [the New York Action] are different"; (2) "Judge Katz properly dismissed th[e] possibility" that a transfer would result in two similar cases being tried in separate districts; and (3) "Judge Katz properly balanced the pertinent [transfer] factors." (Def.'s Response to Pl.'s Objections ("Response") at 11, 13, 15.)

**For the reasons set forth below, the Order is affirmed.**

## II. Legal Standard

Non-dispositive pretrial rulings by a magistrate judge are entitled to a "highly deferential standard of review." Derthick v. Bassett-Walker Inc., No. 90 Civ. 5427, 1992 WL 249951, at *8 (S.D.N.Y. Sept. 23, 1992). When considering objections to such rulings, the reviewing court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); see Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522, 525 (2d Cir. 1990); Collens v. City of New York, 222 F.R.D. 249, 251 (S.D.N.Y. 2004). An order is "clearly erroneous" only when the "reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Thompson v. Keane, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6,

2

1996) (internal citations omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Id. (internal citations omitted).

### III. Analysis

Having reviewed the record herein, including, among other things, Judge Katz's Order, Plaintiff's Objections, Defendant's Response, and the applicable legal authorities, the Court concludes that Judge Katz's Order is not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); see also Weiss v. La Suisse, Societe d'Assurances Sur La Vie, 161 F. Supp. 2d 305, 322 (S.D.N.Y. 2001).[1]

#### (1) First Filed Case

Defendant argues persuasively that the "'first-filed' rule does not apply here because the issues [in the two Actions] are different" and "even if the rule did apply, it would not preclude transfer" because "'first-filed doctrine does not supersede the inquiry into the balance of conveniences required under § 1404.'" (Response at 11 (quoting Invivo Research, Inc. v. Magnetic Resonance Equip. Corp., 119 F. Supp. 2d 433, 440 (S.D.N.Y. 2000)).) Plaintiff says that "[i]n failing to apply and follow the first-filed rule, the Order is contrary to controlling authority requiring a presumption in favor of the first-filed case," and that transferring this case is "[a]pparently unprecedented in patent jurisprudence" and "must be set aside under Rule 72(a)." (Objections at 7, 14, 15 (emphasis in original).)

The "strong presumption in favor of the forum of the first-filed suit," 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 131 (S.D.N.Y. 1994), can be overcome by a

---

[1] Any objection not specifically addressed in this Order has been considered and rejected. See Thomas v. Arn, 474 U.S. 140, 151 n.10 (1985) ("[A] magistrate's ruling on a nondispositive motion, [is] . . . intended to be 'final' unless a judge of the court exercises his ultimate authority to reconsider the magistrate's determination." (citation and internal quotation omitted)).

3

"showing of a balance of convenience . . . giving priority to the second [suit]." First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989).

Judge Katz correctly determined the first filed presumption was overcome because "the balance of relevant factors [in this case] . . . weighs in favor of transfer" and "justif[ies] a departure from the rule." (Order at 15 n.3); see also infra Part III.3. Judge Katz correctly observed that "'[d]istrict courts need not slavishly adhere to the first-filed rule' . . . particularly when [as here] there has been '[a] lack of progress in either litigation.'" (Order at 15 n.3 (quoting Aerotel, Ltd. v. Sprint Corp., 100 F. Supp. 2d 189, 196 (S.D.N.Y. 2000); FindWhat.com v. Overture Servs., Inc., No. 02 Civ. 0447, 2003 WL 402649, at *4 (S.D.N.Y. Feb. 21, 2003)).)

(2) **Parallel Cases**

Defendant argues, among other things, that "there is every reason to believe that the Northern District of Illinois will find that it has personal jurisdiction over ISE" and, therefore, the possibility is "remote" that there will be two litigations in different jurisdictions. (Response at 14.) Plaintiff unpersuasively argues that, if this case is transferred, "the Illinois court is likely to find it cannot exercise personal jurisdiction over ISE [and] CBOE will then be forced to pursue its declaratory judgment claims in this Court," while Plaintiff's matter will proceed in Illinois. (Objections at 14.)

Judge Katz correctly concluded that the possibility of the Illinois Court dismissing the Illinois Action for lack of jurisdiction over ISE was not of "countervailing weight" particularly where ISE "apparently has been involved in other litigation in the transferee district" (Order at 16), and ISE has admitted that it is subject to personal jurisdiction in Illinois State Court. In a recent action between these parties in Illinois State Court, Plaintiff "[a]dmit[ted] that the Illinois [State] Court has personal jurisdiction over ISE." (ISE's Answer and Affirmative Defenses in

4

Illinois State Court, dated June 12, 2007, at 6, annexed to Decl. of Jonathan A. Marshall in Supp. of Response, dated June 25, 2007, at Ex. A.)

### (3) Balance of Factors

Defendant argues persuasively that Judge Katz's ruling was correct because, following careful balancing, there are "several important factors weigh[ing] strongly in favor of transfer." (Response at 16.) Plaintiff counters that because four of the nine factors that Judge Katz addressed are neutral (while three factors favor transfer, one "does not weigh heavily against transfer," and one is not of "countervailing weight"), Judge Katz "misapplie[d] precedent requiring that the balance of public and private interest factors strongly favor [sic] transfer." (Objections at 15 (quoting Order at 14, 16) (emphasis in original).)

Judge Katz correctly noted, among other things, that the following three factors strongly favor transfer. First, Judge Katz observed that "[c]onvenience of witnesses 'is probably the single-most important factor in the analysis of whether transfer should be granted,'" and properly concluded that "this factor strongly favors transfer" because "every witness who could testify with respect to the patent resides or works in the Northern District of Illinois." (Order at 5–6, 8–9 (quoting Cower v. Albany Law Sch. of Union Univ., No. 04 Civ. 0643, 2005 WL 1606057, at *2 (S.D.N.Y. July 8, 2005)).) Second, Judge Katz correctly concluded that the "availability of process to compel attendance of witnesses . . . strongly weighs in favor of transfer" because "the bulk of Defendant's witnesses are non-party witnesses [who are] not subject to subpoena power in New York, but are subject to such authority in Chicago." (Order at 9.) Third, Judge Katz correctly observed that the "locus of operative facts is 'traditionally an important factor to be considered in deciding where a case should be tried'" and "the locus of operative facts 'usually lies where the allegedly infringing product was designed, developed, and produced.'" (Order at

5

12 (quoting Royal Ins. Co. of Am. v. Tower Records, Inc., No. 02 Civ. 2612, 2002 WL 31385815, at *3 (S.D.N.Y. Oct. 22, 2002); Neil Bros. Ltd v. World Wide Lines, Inc., 425 F. Supp. 2d 325, 331 (E.D.N.Y. 2006)).) Judge Katz properly found that "the locus of operative facts is Chicago" because "the allegedly infringing . . . system was conceived and created in Chicago, and Defendant's patent validity challenge requires demonstration of prior art located in Chicago," and concluded that "this factor weighs towards transfer." (Order at 12.)

Judge Katz correctly determined that "ISE's choice of forum is accorded less weight when the operative facts of the litigation have little material connection with the chosen forum," and concluded that "this factor does not weigh heavily against transfer." (Order at 13–14 (citing Rephen v. Pitzele, No. 05 Civ. 7511, 2006 WL 37170, at *2 (S.D.N.Y. Jan. 3, 2006); Foot Locker Retail, Inc. v. SBH, Inc., No. 03 Civ. 5050, 2005 WL 91306, at *9 (S.D.N.Y. Jan. 18, 2005)).) Judge Katz also properly concluded that the possibility of dismissal for lack of jurisdiction over ISE was not of "countervailing weight" in light of, among other things, Plaintiff's involvement in other Illinois litigation. (Order at 16); see also supra Part III.2.

IV.   **Conclusion and Order**

For the reasons set forth above, the Court affirms Judge Katz's Order in all material respects. The Clerk of the Court is respectfully requested to transfer this case to the Northern District of Illinois.

Dated: New York, New York
       August 9, 2007

*Richard M. Berman*
RICHARD M. BERMAN, U.S.D.J.